[Civ. No. 6648. First Appellate District, Division Two.—February 27, 1929.]

W. H. IVIE, Respondent, v. ENTERPRISE POULTRY FARM (a Corporation), Appellant.

Cooley & Gallagher for Appellant.

W. F. Cowan for Respondent.

NOURSE, J.—Plaintiff sued for damages for injuries to his automobile resulting from a collision with a truck driven by an agent of the defendant. The cause was tried before the court sitting without a jury and resulted in a judgment for the plaintiff in the sum of $904.52. From this judgment the defendant has appealed upon typewritten transcripts.

The two cars came into collision while rounding a curve on a public highway, the view of which was obstructed to some extent by willows which stood about six feet from plaintiff's right-hand side of the highway, which was paved to a width of eighteen feet. Plaintiff, driving a sedan, endeavored to take the curve at a speed of about fifteen miles per hour. The truck was being driven at a rate of about twelve miles, but was running on the left, or "wrong" side of the highway. As the cars collided the two right-hand wheels of plaintiff's car were entirely off the pavement and were running in the dirt portion of the road to the right of this eighteen-foot pavement, while the defendant's truck was running diagonally across the paved portion of the highway, the rear end of the truck being about two and one-half feet from the westerly or outer left edge of the pavement.

The evidence of negligence of defendant's agent in thus approaching a blind curve on the wrong side of the highway is unmistakable and fully supports the finding of the trial court. On the issue of contributory negligence (the speed at which plaintiff was traveling) the evidence was not contradicted except by the testimony of witnesses who were in no position to testify on the subject.

The trial court found that $574.52 had been expended on plaintiff's behalf in the reasonable repair of his damaged machine, and this sum was included in the judgment. Defendant attacks this portion of the judgment on the ground that the repairs were paid for by an insurance company with which the plaintiff carried insurance. The point is without merit. Counsel for defendant argues, without citing any evidence to support it, that there was an equitable assignment or subrogation and that the insurance carrier thus became the real party in interest and should have been joined as a party plaintiff. The point was not raised in the trial court, and, as it is an objection which might be waived by the defendant (*Offer* v. *Superior Court*, 194 Cal. 114, 119 [228 Pac. 11]), the defendant has not presented any question of error occurring at the trial.

The cause was tried with extreme fairness and with all reasonable consideration for the interests of the defendant, who was so clearly the wrongdoer that his appeal is wholly without merit.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.